## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

JAMES GARRARD                                                               PETITIONER

v.                                                                            No. 1:15CV192-GHD-DAS

STATE OF MISSISSIPPI                                                RESPONDENT

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of James Garrard for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Garrard has not responded, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

### Facts and Procedural Posture

James Garrard is in the custody of the Mississippi Department of Corrections and is currently housed at the Yazoo County Correctional Institution in Yazoo City, Mississippi. Garrard entered a guilty plea to one count of possession of child pornography in the Circuit Court of Itawamba County, Mississippi. On October 4, 2010, he was sentenced to serve forty years in the custody of the Mississippi Department of Corrections ("MDOC"), with thirty years suspended and five years post-release supervision. There is no direct appeal from a guilty plea. Miss. Code Ann. § 99-35-101.

On September 26, 2013, Garrard filed a Motion for Post-Conviction Relief in the Itawamba County Circuit Court. The court denied the motion by order filed November 18, 2013. ECF, Doc. 1, p. 23-27. On October 30, 2014, Garrard filed a Motion for Post-conviction Relief in the Mississippi Supreme Court. (Case No. 2014-M-1542). On November 13, 2014, the

Mississippi Supreme Court dismissed the motion, holding that it should have been filed in the Circuit Court.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Garrard's judgment became final on October 4, 2010, the day he was sentenced on his guilty plea. Miss. Code Ann. § 99-35-101 (Supp. 2009); *Seal v. State*, 38 So.3d 635 (Miss. Ct. App. 2010). Thus, Garrard's federal petition for a writ of *habeas corpus* was due one year later, by October 4, 2011. Garrard did not properly file an application for post-conviction relief ("PCR") as set forth in 28 U.S.C. § 2244(d)(2) on or before October 4, 2011; his earliest motion for PCR was filed

on September 26, 2013, long after the October 4, 2011, federal *habeas corpus* deadline; as such he is not entitled to statutory tolling of the AEDPA's statute of limitations while his state post-conviction petitions were pending. *See* 28 U.S.C. § 2244(d)(2). As such, he is not entitled to statutory tolling of the limitations period, and his federal petition for a writ of *habeas corpus* (filed on November 16, 2015) was untimely. *See Grillete*, 372 F.3d at 769; *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401, *reh'g and reh'g en banc denied*, 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on November 4, 2015, and the date it was received and stamped as "filed" in the district court on November 16, 2015. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed over four years after the October 4, 2011, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999). The instant petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

SO ORDERED, this, the 18th day of April, 2016.

SENIOR JUDGE